UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-CV-00022-FDW

| | |
|---|---|
| TEMI HOLDINGS, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| UNITED STATES BANKRUPTCY ) | |
| ADMINISTRATOR; FIRST-CITIZENS ) | |
| BANK & TRUST COMPANY ) | |
| ) | |
| Defendants. ) | |

THIS MATTER is before the Court *sua sponte* for Appellant's failure to prosecute the appeal. On January 12, 2016, Appellant filed a Notice of Appeal after the case was transferred to the United States Bankruptcy Court for the District of South Carolina (Spartanburg), No. 16-00075-hb, and that case appears to be proceeding as of the date of this order.

Under Bankruptcy Rule 8009(a)(1)(B) Appellant had 14 days thereafter to file their designation of the record on appeal and statement of issues on appeal. On July 13, 2016, the court entered an order allowing Appellant seven days to file a written explanation as to why they have failed to prosecute this appeal. The Appellant did not file a response as of the date of this order.

Federal Rule of Bankruptcy Procedure 8003(a)(2) provides that "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal." The Fourth Circuit has stated that "it is clear that the district court has within its discretion the power to impose sanctions including dismissal upon an appellant for not complying with the procedural requirements of the bankruptcy rules." *Serra*

1

*Builders, Inc. v. John Hanson Savings Bank, F.S.B. (In re Serra Builders, Inc.)*, 970 F.2d 1309, 1311 (4th Cir. 1992). Prior to the dismissal of an appeal, however, the could should consider the following factors: (1) bad faith or negligence on the part of the appellant; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on other parties; or (4) indicate that the court considered the impact of the sanction and available alternatives. *Id.*

The Court finds that Appellant's failure to timely file and serve a designation of the record and statement of issues to be presented on appeal, while perhaps not in bad faith, is certainly negligent. As noted above, Appellant was given notice and an opportunity to explain the delay but failed to do so. The third prong of the *Serra Builders* test is satisfied because the Trustee in the case before the United States Bankruptcy Court for the District of South Carolina (Spartanburg), is unable to administer and close the bankruptcy estate until this appeal is resolved. Finally, under the fourth prong, dismissal is appropriate because any lesser sanction would have the perverse result of rewarding Appellant for the failure to comply with Bankruptcy Rule 8009. If this Court imposes any sanction other than dismissal, it will countenance Appellant's "abuse [of] the judicial process by creating a procedural delay without any real threat of penalty." *In re Fitzsimmons*, 920 F.2d 1468, 1474 (9th Cir. 1990).

Consequently, this appeal is dismissed with prejudice because the record establishes that Appellant failed to comply with mandatory provisions for prosecuting the appeal and dismissal is warranted.

IT IS SO ORDERED.

Signed: July 25, 2016

Frank D. Whitney
Chief United States District Judge